LUMEN BEARING COMPANY, Respondent, *v.* GEORGE R. MOSLE and Another, Appellants.

First Department, November 4, 1927.

Trial — mistrial — action on guaranty not in writing — motion to amend complaint to allege cause on original promise — motions for directed verdict — error for court to grant mistrial with leave to plaintiff to apply at Special Term to serve amended complaint — Appellate Division cannot render judgment under Civil Practice Act, § 584.

This is an action on an alleged guaranty by the defendants to pay the plaintiff for merchandise ordered by another. The defendants interposed a defense that the guaranty was not in writing and was, therefore, not enforcible. A motion to dismiss the complaint at the close of the entire case was denied and the plaintiff moved to amend the complaint to conform to the proof by changing the cause of action to one on an original promise. The court reserved decision on that motion which could not have been granted since all the proof was objected to. Both sides then moved for the direction of a verdict. It was error for the court to grant a mistrial and to grant leave to the plaintiff to move at Special Term to serve an amended complaint, for there was no motion to that effect.

On the motions for a directed verdict, it was the duty of the court to decide the case, and since the complaint could not be amended as requested, the court should have directed a verdict for the defendant.

The Appellate Division, under section 584 of the Civil Practice Act, cannot render a judgment in favor of the defendant but must reverse the order granting permission to apply at Special Term for leave to serve an amended complaint.

APPEAL by the defendants, George R. Mosle and another, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 18th day of November, 1926, in so far as it declares a mistrial and grants leave to the plaintiff to move at Special Term to serve an amended complaint.

*M. A. Willment* of counsel [*Hill, Lockwood & Redfield*, attorneys], for the appellants.

*Samuel A. Pleasants* of counsel [*Pleasants & Lowry*, attorneys], for the respondent.

McAvoy, J. An order was made at Trial Term declaring a trial which had been fully concluded a mistrial, and granting leave to the plaintiff to move at Special Term for leave to serve an amended complaint.

The action was brought on an alleged guaranty by the defendants to pay the plaintiff for merchandise ordered by another. The defendants denied the guaranty and set up as a defense that the same was not in writing subscribed by the defendants or their agent, and since it was to answer for the debt or default of another was not suable.

A jury being waived and the case fully tried on both sides, defendants moved to dismiss the complaint, which motion was denied. Plaintiff then moved to amend the complaint to conform to the proof by changing the cause of action from that on a guaranty to a cause of action based upon an original promise of defendants to pay the debt. Since all such proof was objected to, this motion could not have been properly granted. However, upon this motion the learned trial court reserved decision. Both sides then moved for the direction of a verdict. There was no motion made for a mistrial and there was no request to go to Special Term to amend. The motion was to amend so as to conform to the proof. Thereafter the learned court rendered an opinion denying the plaintiff's motion to amend, declaring a mistrial and allowing the plaintiff to move at Special Term to amend upon the payment of costs.

We think this order was erroneous.

A motion to amend the complaint having been denied, and the trial having been fully concluded, no request for any mistrial

having been made by either side, the learned court was required to decide the case; and without the amendment, there being no proof of a written guaranty, the complaint should have been dismissed or a verdict directed for defendants. If the plaintiff had a cause of action on an original promise by defendants, to pay for these goods such action would have survived a dismissal of the complaint based upon the guaranty, unless the Statute of Limitations has run against the promise. However, we are not empowered to render a judgment originally where the trial court has failed to make findings and based a judgment thereon. Our power is to reverse, affirm or modify a judgment which has been rendered below, and, on reversal, make such findings as the evidence sustains. We can but reverse the order granting leave to apply at Special Term for permission to amend the complaint, and thus leave the parties where they were at the commencement of the trial. The Appellate Division's powers under section 584 of the Civil Practice Act are to reverse or affirm wholly or in part, or modify a judgment or an order appealed from. There being no judgment here, no finding by the learned trial court as to his notion of the merits, we do not find any authority for the direction of a judgment in favor of plaintiff or defendants.

The order so far as it grants permission to apply at Special Term for leave to amend the complaint should be reversed, with ten dollars costs and disbursements to the appellants, and leave to make such application denied.

DOWLING, P. J., MERRELL, FINCH and O'MALLEY, JJ., concur.

Order so far as it grants permission to apply at Special Term for leave to amend complaint reversed, with ten dollars costs and disbursements to the appellants, and leave to make such application denied. Settle order on notice.